```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ANDRE LANE,                                :
                                           :
                    Plaintiff,             :
                                           :
             -v-                           :
                                           :   11 Civ. 1941 (DLC)
N.Y.S. OFFICE OF MENTAL HEALTH;            :
N.Y.C. DEPARTMENT OF CORRECTIONS,          :   OPINION AND ORDER
                                           :
                    Defendants.            :
------------------------------------------X
```

APPEARANCES:

For pro se plaintiff:
Andre Lane
# 86226
Central New York Psychiatric Center
P.O. Box 300, River Road
Marcy, NY 13403

For defendant New York State Office of Mental Health:
Jamie I. Roth
Assistant Attorney General
120 Broadway
New York, NY 10271-0332

For defendant New York City Department of Correction:
Joseph A. Maratullo
New York City Law Department
100 Church Street, Room 3-168
New York, NY 10007


DENISE COTE, District Judge:

Pro se plaintiff Andre Lane ("Lane" or "plaintiff") brings this action, pursuant to 42 U.S.C. § 1983 and Article 10 of the New York State Mental Health Law, against defendants New York

State Office of Mental Health ("OMH") and New York City Department of Correction ("DOC").  Lane was housed at various facilities on Rikers Island while awaiting trial to determine whether he would be civilly committed, under Article 10 of the New York Mental Hygiene Law ("Article 10"), as a sex offender requiring long-term specialized treatment.  He alleges, <u>inter alia</u>, that as an identified sex offender, he "was in constant fear [for] his life and safety" during the more than two months he spent on Rikers Island.  He also alleges that, as a civil detainee, he should not have been strip searched, shackled and placed in leg irons.  Both defendants have moved to dismiss the complaint.  For the following reasons, defendants' motions to dismiss the complaint are granted.

<u>BACKGROUND</u>

The following facts are drawn from the complaint and the plaintiff's opposition to the pending motions.  They are assumed to be true for the purposes of this motion.  Lane completed his criminal sentence on August 25, 2006, and since that time has been in the custody of OMH.  On May 6, 2009, Lane was transferred from the Central New York Psychiatric Center ("CNYPC") in Marcy, New York, to Rikers Island.  Lane advised the correction officer fingerprinting him that he was being held

2

pursuant to Article 10 and that he should not be housed with criminal detainees.  Shortly thereafter, Lane was removed from the holding cell to another cell.  He was interviewed by a psychiatrist, and then correction officers took him out to be searched.  After discussion about whether Lane was subject to strip-search, the correction officers decided not to strip search Lane and returned him to his cell.

Lane was taken to Hart's Island, where he remained until approximately 2 a.m. on May 7.  A psychiatrist interviewed Lane and told the correction officer to confiscate Lane's shoe laces because he was on suicide watch.  Lane was placed in a suicide watch cell in C-95, although he contends that he has no history of suicidal behavior.

Lane contends that most detainees awaiting civil commitment as sex offenders are transferred to West Facility, where they are permitted to retain their possessions, but he was transferred on May 8 to the general population at Rikers Island.  Lane spent three days in the general population.

On May 8, correction officers at Rikers Island woke Lane and searched his possessions.  Lane was strip-searched, handcuffed to a criminal detainee and taken to the "holding pen" of the Supreme Court of the State of New York, Kings County.  Lane met his attorney at noon and then was returned to the

holding pen with criminal detainees until approximately 7 p.m. Lane was then sent to West Facility where his property was searched and some was confiscated.

On May 12, correction officers again searched Lane's property. He was then handcuffed, shackled and taken to the Supreme Court in Kings County for trial. After his jury trial for civil commitment was completed, on May 18, Lane was transferred to the North Infirmary Command on Rikers Island; he contends that he should have been returned to the CNYPC. Lane alleges that he remained at Rikers Island for 61 days, until July 7, although his attorney informed Lane at some point that an order to return him to CNYPC had already been signed. Lane alleges that he "was in constant fear [for] his life and safety" throughout his stay at Rikers Island.

On March 15, 2011, Lane commenced this lawsuit, seeking declaratory and injunctive relief and compensatory and punitive damages.[1] OMH moved to dismiss the complaint, pursuant to Rules

---

[1] Although the Chief Judge directed plaintiff to file a Prisoner Authorization for the collection of filing fees, it is not clear that he is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), which defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The Clerk of Court has not yet charged plaintiff the filing fee for this action and is directed not to do so.

12(b)(1) and (6) of the Federal Rules of Civil Procedure, on August 25, 2011. The Court received plaintiff's opposition to OMH's motion on November 7.[2]

On November 4, 2011, DOC filed its motion to dismiss the complaint. The Court granted plaintiff until December 5, 2011 to file an amended complaint curing any deficiencies in the complaint or file his opposition to the motion. The Court received plaintiff's opposition to DOC's motion on December 16.

DISCUSSION

OMH moves to dismiss based on the doctrine of sovereign immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3 355, 366 (2d Cir. 2009) (citation omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Id.

---

[2] In his opposition, plaintiff contends that he did not receive copies of two of the decisions cited in OMH's memorandum of law. OMH represents that these two cases had been previously mailed to plaintiff and have again been provided to plaintiff.

(citation omitted); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

OMH is an arm of the state.  New York State has not waived its sovereign immunity.  Nor has Congress, through § 1983, abrogated the state's immunity.  See Santiago v. New York State Dept. of Corr. Servs., 945 F.2d 25, 31 (2d Cir. 1991).  Consequently, plaintiff's claims against OMH, an agency of the State of New York, are barred by the Eleventh Amendment and must be dismissed.[3]

DOC moves to dismiss on the basis that it is not a suable entity.  An entity's capacity to be sued is determined by state law.  See Fed. R. Civ. P. 17(b).  The New York City Charter provides, at Chapter 17, section 396, that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."

---

[3] Although the Eleventh Amendment does not bar suits seeking prospective injunctive relief against state officials acting in violation of federal law, see Ex Parte Young, 209 U.S. 123, 159-60 (1908), plaintiff has not amended his complaint to name a state official despite being granted an opportunity to do so.  Moreover, plaintiff is no longer confined at Rikers Island, and it is therefore unclear whether claims for prospective injunctive relief would, in any case, be moot.

As an agency of the City of New York, DOC is not an entity that can be sued. See Hemrie v. City of New York, No. 96 Civ. 213 (DLC), 2000 WL 1234594, at *1 (S.D.N.Y. Aug. 31, 2000) (citing Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999)).  Plaintiff's claims against DOC must therefore be dismissed.[4]

## CONCLUSION

Defendants' motions to dismiss are granted. The Clerk of Court shall close this case and shall not charge plaintiff the filing fee for this action.

SO ORDERED:

Dated:  New York, New York
        January 11, 2012

                                    _____
                                         DENISE COTE
                                    United States District Judge

---

[4] Plaintiff was granted leave to amend to cure the deficiencies of his complaint but did not submit an amended complaint naming the City of New York in lieu of DOC.

**COPIES MAILED TO:**

Andre Lane
#86226
P.O. Box 300
River Road
Marcy, NY 13403

Joseph A. Marutollo
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Jaime I. Roth
Assistant Attorney General
120 Broadway
New York, NY 10271